947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose FLORES-HERRERA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Oct. 24, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Flores-Herrera ("Flores") appeals the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") decision which denied his application for asylum and withholding of deportation. Flores contends that he established a clear probability of persecution, or at least a well-founded fear of persecution, and is thus entitled to political asylum. We affirm.
 
 BACKGROUND AND STANDARD OF REVIEW
 
 3
 Flores is a 25 year old single male from Honduras. He entered the country illegally in March 1986. When deportation proceedings were instituted against him, Flores conceded deportability but requested withholding of deportation and political asylum. Alternatively, he requested voluntary departure. Flores claimed that he feared for his life and freedom if deported to Honduras. This fear was based on an incident Flores alleged occurred in mid-February 1986, shortly before he left Honduras for the United States.
 
 
 4
 According to Flores, he and three friends were approached by a group of armed, masked men who appeared to be guerillas. The men ordered Flores' group into a car and threatened to kill them if they did not comply. Flores and his friends allegedly fled into a nearby forest; the men responded by firing at them. Flores claims that his three companions were killed. Fearing that he too would be killed, he fled Honduras for the United States.
 
 
 5
 Flores testified at the hearing on his request for asylum. The IJ denied Flores' request for asylum and withholding of deportation. He found Flores' testimony about the alleged events of February 1986 to lack credibility. The IJ also stated that he would not have granted the request for asylum even if Flores' testimony had been credible, since Flores had failed to show that he had a well-founded fear of persecution in Honduras. The BIA agreed with the IJ's conclusions and dismissed the appeal on April 11, 1990. Flores filed a timely petition.
 
 
 6
 We review de novo the issue of whether the BIA applied the correct legal standard. Rodriguez-Rivera v. United States Dept. of Imm. & Nat., 848 F.2d 998, 1001 (9th Cir.1988). The factual findings underlying the BIA's decision are reviewed under the substantial evidence standard. Id. The BIA's conclusion need only be substantially reasonable under this standard. Id.
 
 
 7
 We give substantial deference to the IJ's credibility determinations where the record supports his finding. De Valle v. I.N.S., 901 F.2d 787, 792 (9th Cir.1990); Diaz-Escobar v. I.N.S., 782 F.2d 1488, 1492 (9th Cir.1986). Further, we will uphold the BIA's decision if its rejection of Flores' evidence is reasonably supported. McMullen v. I.N.S., 658 F.2d 1312, 1318 (9th Cir.1981).
 
 DISCUSSION
 
 8
 The BIA concurred in the IJ's conclusion that Flores' testimony was not credible. This finding is supported by substantial evidence. The IJ gave specific, cogent reasons for rejecting Flores' testimony. See De Valle, 901 F.2d at 792. There were substantial inconsistencies between Flores' asylum application and his testimony. The IJ found that Flores was hesitant, inconsistent and could not answer questions to which he should have had a ready response. Based on our review of the record, we agree.
 
 
 9
 In light of the adverse credibility finding, Flores did not meet his burden of proving that he had a well-founded fear of persecution. His alleged fear does not appear to be either subjectively genuine or objectively reasonable. See Rodriguez-Rivera, 848 F.2d at 1001 (well-founded fear standard contains both subjective and objective components).
 
 
 10
 Even if Flores' story about the incident of February 1986 was believed, substantial evidence supports the BIA's determination that he had not met his burden of proving a well-founded fear of persecution. See Diaz-Escobar, 782 F.2d at 1492 (alien bears burden of proof in asylum and withholding of deportation cases). While persecution may be accomplished by non-government groups, Arteaga v. I.N.S., 836 F.2d 1227, 1231 (9th Cir.1988), Flores failed to offer any evidence that the attempted abduction was in any way motivated by his political opinion, either actual or imputed, or by his neutrality. Flores also failed to offer evidence that the group had the ability to carry out any threat to him. There is no indication that the group knew who he was or that it came to look for him. See Arteaga, 836 F.2d at 1233; Bolanos-Hernandez v. I.N.S., 767 F.2d 1277, 1286 (9th Cir.1984). He thought the men were guerillas, but there is nothing to suggest that Flores has "good reason to fear that he ... will be singled out for persecution" for his political views. Cardoza-Fonseca v. I.N.S., 767 F.2d 1448, 1453 (9th Cir.1985) (emphasis added), aff'd, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).
 
 
 11
 Flores is a young Honduran male who may wish to remain neutral in any conflict between Honduras and Nicaragua.[1] That alone is insufficient to qualify him as a member of a particular social group subject to persecution. See Sanchez-Trujillo v. I.N.S., 801 F.2d 1571, 1576-77 (9th Cir.1986). Even if Flores' story is true, it appears that he was the victim of "an isolated incident where [he] happened to be in the wrong place at the wrong time. The attack was a 'random occur[rence] indicative of the general upheaval' " in the entire region. Id. at 1581 (citation omitted). There is substantial evidence supporting the BIA's conclusion.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His application claimed fear because he lived close to Nicaragua, but his testimony indicated that he lived close to Guatemala
 
 
 [2]
 Since Flores cannot meet the well-founded fear standard required for asylum, it follows that he cannot meet the more rigorous clear probability standard required for withholding of deportation. Rodriguez-Rivera, 848 F.2d at 1007